HARRISON *v.* SOUTHERN RAILWAY COMPANY.

SIMMONS, C. J.   The verdict for the defendant was demanded by the evidence as to the acts of negligence alleged in the declaration.

*Judgment affirmed.     All the Justices concur.*

Argued July 14, — Decided August 12, 1904.

Action for damages.     Before Judge Parker.     Wayne superior court.     January 18, 1904.

The petition alleged, that the railway company, by the negligence of itself, its agents or employees, in the operation of its line of railroad and the handling of its engines, cars, or other machinery thereon, allowed fire to escape therefrom by sparks, cinders, or otherwise, which fire was communicated to the plaintiff's lands, through the carelessness of the said company, and there burned and destroyed her property, to the amount sued for; that the defendant allows its right of way to grow up in grass, weeds, trash, and other combustible material, and, by its negligence in that respect, fires are communicated to the property of adjoining landowners. At the trial there was evidence that on January 20, 1902, immediately after a certain freight-train of the defendant had passed, fire was seen to start in grass on the right of way of the railroad, and that it extended to bushes, broom-straw, and similar vegetation which had grown up along the right of way and on the adjoining land, and finally reached the plaintiff's land, where it destroyed trees etc., the value of which was stated. The defendant introduced the testimony of the engineer and the fireman of the train referred to, the section foreman, and an employee whose duty it was to inspect the defendant's locomotives. The last-mentioned witness testified, that on January 22, 1902, he made an examination of the locomotive of that train, and that at that time it was fitted with the best appliances known for the arresting of sparks and the prevention of fire from being thrown out by the engine, and these appliances were in perfect condition; and they were in first-class condition on January 17, 1902, the time of the last inspection previously made by him. The engineer and the fireman testified that on January 20, 1902, when the train passed the place where the fire was afterwards discovered, the engine was properly operated and was in proper condition; "everything was in good order." The engineer testified: "The track at that point is level, and there was nothing that would cause an engine properly operated and in good condition, such as that engine was on that day, to exhaust, emit sparks unnecessarily, and set out fire. . . I did not examine the spark-arrester, as that was no part of my business, but I could have told if the spark arrester was not in good condition, because the engine would have been throwing out unnecessary sparks. No acts

of negligence on my part caused fire to be set out." The fireman testified that he did not see any sparks thrown from the engine. The section foreman testified, that on January 20, 1902, the right of way at that point "was clean except for the dead grass on it," " as clean as possible to keep such a right of way in this section of the country; all the bushes had been cut off from it, but it had grown up in wiregrass and some broom-sedge. I do not know just how long it had been since the right of way had been burned off. I know there were no bushes there, because we had cut the bushes not a great while before that. . . We never undertake to keep the grass cleaned off except by burning it in the spring of the year, when the law permits us to do that. We burn the right of way once a year, along in the spring, and then we cut the bushes off along in fall. . . There was a whole year's growth on this right of way at the time it is alleged that this fire occurred. The railroad keeps the road-bed carefully weeded off, but outside of the road-bed it is impossible for us to keep the grass off." " It would take a hundred men, constantly engaged, to keep the grass off the right of way on my section, and then I don't think it is possible to do it." The verdict was for the defendant. The plaintiff's motion for a new trial, based on various grounds, was overruled, and she excepted.

*Tindall & Wallace*, for plaintiff.    *Kay, Bennet & Conyers* and *Littlefield & Poppell*, for defendant.